IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Jessie Hammond

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

Concrete Pipe and Precast
Dan Arnstaff

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Second Amended Complaint for a Civil Case**

Case No. 2:20-cv-04048-BHH-MGB

*(to be filled in by the Clerk's Office)*

Jury Trial:    ☐ Yes    ☐ No
*(check one)*

RECEIVED
USDC CLERK, CHARLESTON, SC
2021 JUN 14  PM 4:12

I.  **The Parties to This Complaint**

   A.  **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Jessie Hammond
   Street Address: 418 Clarine dr.
   City and County: Goose Creek Berkeley
   State and Zip Code: S.C. 29445
   Telephone Number: (843) 433-6358

   B.  **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

   Defendant No. 1
   Name: Concrete Pipe and Precast Company
   Job or Title (if known):
   Street Address: 1094 old dairy rd.
   City and County: Summerville Berkeley
   State and Zip Code: S.C. 29483
   Telephone Number: (843) 821-3220

   Defendant No. 2
   Name: Dan Arnstaff
   Job or Title (if known): Plant Supervisor
   Street Address: 1094 old dairy rd.
   City and County: Summerville Berkeley
   State and Zip Code: S.C. 29483
   Telephone Number: (843) 821-3220

   Defendant No. 3
   Name:

2

|  |  |
|---|---|
| Job or Title (if known) | _____ |
| Street Address | _____ |
| City and County | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |

Defendant No. 4

|  |  |
|---|---|
| Name | _____ |
| Job or Title (if known) | _____ |
| Street Address | _____ |
| City and County | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

*Wrongful termination resulting from Violation of Religion.*

3

B. **If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* Jessie Hammond, is a citizen of the State of *(name)* S.C.

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* Dan Arnstaff, is a citizen of the State of *(name)* S.C. Or is a citizen of *(foreign nation)* _____.

   b. If the defendant is a corporation

   The defendant, *(name)* Concrete Pipe & Pre Cast, is incorporated under the laws of the State of *(name)* S.C., and has its principal place of business in the State of *(name)* S.C. Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

   *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

Been fired for two years and I made $500 weekly = $48000
Religious Discrimination $40,000

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

June 2019 I requested to go to religious and was denied by Dan Arnstaff for Concrete Pipe and Pre cast. Two days later I was fired because Dan Arnstaff said I went on my break.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Lost wages from June 2019 until June 2021 = $48,000.

*Note The Company Concrete Pipe and Precast can check video camera footage.

5

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: June 10, 2021.

Signature of Plaintiff: Jessie Hammond
Printed Name of Plaintiff: Jessie Hammond

### B. For Attorneys

Date of signing: _____, 20__.

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Address: _____
Telephone Number: _____
E-mail Address: _____

6

**Jessie Jermaine Hammond**
418 Clarine Drive
Goose Creek, SC 29445

**Other Orders/Judgments**
2:20-cv-04048-BHH-MGB
Hammond v. Peters et al

LC 2,PROSE

## U.S. District Court

### District of South Carolina

**Notice of Electronic Filing**

The following transaction was entered on 5/20/2021 at 3:21 PM EDT and filed on 5/20/2021
**Case Name:**      Hammond v. Peters et al
**Case Number:**    2:20-cv-04048-BHH-MGB
**Filer:**
**Document Number:** 16

**Docket Text:**
**PROPER FORM ORDER Case to be brought into proper form by 6/10/2021. Add an additional 3 days only if served by mail or otherwise allowed under Fed. R. Civ. P. 6. Signed by Magistrate Judge Mary Gordon Baker on 05/20/2021. (hcor, )**


**2:20-cv-04048-BHH-MGB Notice has been electronically mailed to:**

**2:20-cv-04048-BHH-MGB Notice will not be electronically mailed to:**

Jessie Jermaine Hammond
418 Clarine Drive
Goose Creek, SC 29445

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091130295 [Date=5/20/2021] [FileNumber=10205765-0] [626e151712da31c64deab45147fee3363cc54940ff8c325ec634cffa209b149bc1
742b662e0ffc7b5908572d99ce943a649e0885f313149d5814a722baf6ba6b]]

*Received USDC Clerk, Charleston, SC 2021 JUN 14 PM 4:11*

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jessie Jermaine Hammond, ) | Case No. 2:20-cv-04048-BHH-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Alyssa K. Peters; Sara Rafal; ) | |
| and Sara Myers, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this employment action alleging discrimination and wrongful termination. Under Local Civil Rule 73.02(B)(2)(e) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Judge.

In compliance with this Court's instructions, Plaintiff has filed a complete set of proposed service documents (Dkt. No. 13); answers to the Court's interrogatories pursuant to Local Civil Rule 26.01 (D.S.C.) (Dkt. No. 14); and an Amended Complaint on the appropriate form (Dkt. No. 12). The undersigned therefore finds that Plaintiff's case is now in proper form and ready for judicial review.

## CONSOLIDATION OF COMPLAINT AND AMENDED COMPLAINT:

The undersigned notes that Plaintiff's Amended Complaint (Dkt. No. 12) contains fewer factual allegations and omits certain background information included in his original pleading. Thus, while an amended complaint "ordinarily supersedes the original," *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001), the undersigned finds that rigid application of this rule would result in a less comprehensive pleading in the instant case. The undersigned therefore directs the Clerk of Court **to append the original Complaint (Dkt. No. 1) as an attachment to the Amended Complaint (Dkt. No. 12), so that they may be consolidated and considered as one pleading**. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that courts must construe *pro se* pleadings liberally); *see also Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (emphasizing "the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities") (internal citations omitted).

## NOTICE OF LEAVE TO AMEND COMPLAINT:

The granting of *in forma pauperis* status in a case triggers a district court's duty to "sift out claims that Congress found not to warrant extended judicial treatment." *Nagy v. FMC Butner*, 376 F.3d 252, 256 (4th Cir. 2004). The Court must dismiss any cases that are frivolous or malicious,

MGL-KDW, 2019 WL 5748959, at *6 (D.S.C. Sept. 17, 2019), *adopted*, 2019 WL 5721631 (D.S.C. Nov. 5, 2019) (finding that a wrongful termination claim may be dismissed where the plaintiff fails to allege a specific mandate of public policy in the complaint).

Plaintiff could, in theory, cure the defects above by amending his pleading. The undersigned therefore **GRANTS Plaintiff leave to file a second amended complaint within twenty-one days from the date this Order is entered, plus three days for mail time.** If Plaintiff files a second amended complaint, it will **completely replace his initial pleading.** *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect."). Therefore, if Plaintiff files a second amended complaint, he should make clear all of the claims he wishes to assert; identify all of the defendants against whom those claims are asserted; and include a plain short statement of the supporting facts for those claims against each defendant.[5]

If Plaintiff files an amended pleading, the undersigned will screen it under § 1915(e)(2)(B). If Plaintiff does not file an amended pleading or cure the deficiencies identified above, **the undersigned will recommend that the claims be dismissed with prejudice** in part for the reasons discussed herein.

## TO THE CLERK OF COURT:

The Clerk shall mail a copy of this Order to Plaintiff. If Plaintiff fails to provide the items specified above to the Clerk within the period prescribed in this Order, the Clerk shall forward the file to the assigned United States District Judge to determine whether to enter an order of dismissal. *See In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007). If, however, Plaintiff provides the items specified above, the Clerk should forward the file to the undersigned to determine if service of process should be authorized.

The Clerk shall not enter any change of address submitted by Plaintiff which directs that mail be sent to a person other than Plaintiff unless that person is an attorney admitted to practice before this Court who has entered a formal appearance.

**IT IS SO ORDERED.**

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

May 20, 2021
Charleston, South Carolina

---

termination claim is rooted in religious discrimination and/or retaliation, he has a statutory remedy pursuant to Title VII. *See, e.g., Addison v. CMH Homes, Inc.*, 47 F. Supp. 3d 404, 428 (D.S.C. 2014) (finding that a statutory remedy precluded a wrongful termination claim where the public policy claims were based on the same allegations as the Plaintiff's Title VII claims).

[5] To the extent Plaintiff's second amended complaint names any additional defendants, he must also submit a proposed summons and Form USM-285 for each additional defendant.

4

fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

As to failure to state a claim, a complaint filed in federal court "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" for purposes of satisfying the federal pleading standard. *Id.* When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

The instant Complaint is premised on two claims involving Plaintiff's former employment with Concrete Pipe & Precast ("CPP") in Summerville, South Carolina: (1) religious discrimination in violation of Title VII of the Civil Rights Act of 1964, and (2) wrongful termination. Plaintiff began working at CPP in May 2019, after being placed there by a temporary staffing agency. (Dkt. No. 12-1 at 2; Dkt. No. 1 at 8.) Plaintiff claims that in submitting his application with the staffing agency, he indicated that he was unable to work on Fridays because he attended Islamic services. (Dkt. No. 12-1 at 2; Dkt. No. 1 at 8.) Thus, on Friday, May 17, 2019, about one week after starting his job with CPP, Plaintiff approached his supervisors regarding his religious services and asked that he be allowed to miss work—or, at the very least, leave early— on Fridays. (Dkt. No. 12 at 4.) Plaintiff claims that the plant supervisor denied his request because "they would have to let everyone else go also," and "he needed [Plaintiff] full time." (*Id.*) Later that day, Plaintiff apparently clocked-out for approximately fifty-nine (59) minutes to eat his lunch in his car. (*Id.* at 5.) Based on this time entry, however, Plaintiff's supervisors mistakenly thought that Plaintiff had left work to attend his religious service, despite their denying his request earlier that same morning. (*Id.* at 4–5; Dkt. No. 1 at 9–10.) As a result, Plaintiff was fired when he returned to work on Monday, May 20, 2019. (Dkt. No. 12 at 4.)

Following the termination of his employment, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Dkt. No. 1 at 11.) Plaintiff received the agency's Dismissal and Notice of Right to Sue in August 2020 (Dkt. No. 12-2) and filed this civil action several months later. Specifically, Plaintiff alleges that Defendants discriminated against him in violation of Title VII by denying his request to attend Islamic services on Fridays,[1] and wrongfully terminated his employment. (Dkt. No. 12 at 5–6.) Although not entirely clear, Plaintiff names three individual defendants: Alyssa K. Peters, the attorney who apparently represented CPP before the EEOC in relation to Plaintiff's administrative charge (Dkt. No. 12-2); Sara Rafal, a Human Resources employee at CPP (Dkt. No. 1 at 2); and Sara Myers, a Human Resources employee at the staffing agency that placed Plaintiff with CPP (*id.* at 2, 10).

As currently presented, Plaintiff's claims are subject to summary dismissal for several reasons. With respect to Plaintiff's first claim, Title VII provides, in relevant part, that it shall be "unlawful employment practice for **an *employer*** . . . to discriminate against any individual with

---

[1] The undersigned construes this first cause of action as a religious accommodation claim. *See Carter v. Centura Coll.*, No. 2:10-cv-00907, 2012 WL 638800, at *10 (D.S.C. Feb. 27, 2012) (stating that Title VII "also imposes an affirmative duty to reasonably accommodate an employee's religious beliefs and practices").

2

respect to his ... terms, conditions or privileges of employment, because of such individual's ... religion." 42 U.S.C. § 2000e-2(a) (emphasis added). **Thus, it is well-established that the proper defendant in a Title VII action is the plaintiff's employer—not an individual employee or supervisor.** *See Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998); *see also Baird ex rel. Baird v. Rose*, 192 F.3d 462, 464 (4th Cir. 1999) (explaining that Title VII does not authorize a remedy against individuals for violations of its provisions). Because Plaintiff has named only individual defendants in this action, two of whom are not even employed by CPP, his religious accommodation claim cannot stand under Title VII.

With respect to Plaintiff's second claim, wrongful termination, it is unclear in the first instance whether Plaintiff intends to raise this cause of action pursuant to federal law (Title VII) or state law (the public policy exception[2]). To the extent Plaintiff is asserting that Defendants wrongfully terminated his employment in violation of Title VII—*i.e.*, Plaintiff was fired *because of* his religious affiliation and/or in retaliation for requesting a religious accommodation—any such claim is subject to summary dismissal because, once again, Plaintiff has failed to name a proper defendant under the statute.[3] However, to the extent Plaintiff is asserting that Defendants terminated his employment in violation of a clear mandate of public policy, his allegations still fail to raise a plausible claim to relief.

Indeed, the public policy exception is relatively narrow in its application. To be sure, the South Carolina Supreme Court has held that "for purposes of juridical application it may be regarded as well settled that a state has no public policy, properly cognizable by the courts, which is not derived or derivable by clear implication from the established law of the state, as found in its Constitution, statutes, and judicial decisions." *See Desmarais v. Sci. Rsch. Corp.*, 145 F. Supp. 3d 595, 598 (D.S.C. 2015) (citing *Batchelor v. Am. Health Ins. Co.*, 234 S.C. 103, 108, 107 S.E.2d 36, 38 (S.C. 1959)). Here, Plaintiff's Complaint does not point to any statute, constitutional protection, or judicial decision setting forth any "clear mandate" of public policy that would support this claim. Rather, his allegations merely suggest that his employer fired him based on a misunderstanding regarding his whereabouts on the afternoon of May 17, 2019—specifically, that Plaintiff had disregarded the plant supervisor's instructions and left work to attend his religious service. (Dkt. No. 12 at 4–5; Dkt. No. 1 at 9–10.) A miscommunication such as this one simply does not, without more, implicate a violation of public policy as contemplated by South Carolina courts.[4] *See, e.g., Mumford v. Florence Cty. Disabilities & Special Needs Bd.*, No. 4:19-cv-1330-

---

[2] Under South Carolina's at-will employment doctrine, either party may terminate the employment relationship at any time, for any reason, or no reason at all. *See Mathis v. Brown & Brown of S. Carolina, Inc.*, 389 S.C. 299, 309–10, 698 S.E.2d 773, 778 (2010). South Carolina courts, however, have carved out an exception when the discharge of an at-will employee constitutes a violation of a clear mandate of public policy. *Barron v. Labor Finders of S. Carolina*, 393 S.C. 609, 614, 713 S.E.2d 634, 636–37 (2011).

[3] The undersigned acknowledges that Plaintiff's Complaint does not explicitly allege that his discharge was the result of religious discrimination and/or retaliation; indeed, any such reading of Plaintiff's allegations would be a stretch. Instead, the Complaint seems to suggest that Plaintiff's employer fired him based on a misunderstanding regarding Plaintiff's whereabouts on May 17, 2019. However, for purposes of this initial review only, the undersigned does not foreclose the possible construction of Plaintiff's wrongful termination claim as a Title VII violation.

[4] The undersigned further notes that the public policy exception does not apply in cases where there is an existing statutory remedy. *Barron*, 393 S.C. at 615, 713 S.E.2d at 637. Indeed, the public policy exception "is not designed to overlap an employee's statutory or contractual rights to challenge a discharge, but rather to provide a remedy for a clear violation of public policy where no other reasonable means of redress exists." *Stiles v. Am. Gen. Life Ins. Co.*, 335 S.C. 222, 228, 516 S.E.2d 449, 452 (1999). Consequently, to the extent Plaintiff's wrongful

3