IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jessie Jermaine Hammond, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:20-cv-4048-BHH |
| v. ) | |
| ) | |
| Concrete Pipe and Precast, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court upon Plaintiff's pro se complaint alleging employment discrimination. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On July 21, 2021, Defendant filed a motion to dismiss. The same day, the Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4 th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to respond adequately to the motion. Despite this notice, Plaintiff failed to respond. On August 27, 2021, the Magistrate Judge filed another order, giving Plaintiff through September 13, 2021, to respond and specifically advised Plaintiff that this action would be dismissed if Plaintiff failed to respond. Again, Plaintiff failed to respond.

On September 17, 2021, therefore, the Magistrate Judge issued a report and recommendation ("Report") outlining the issues and recommending that the Court dismiss this action with prejudice in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. Attached to the Magistrate Judge's Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a

copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's findings and analysis.  Accordingly, because it appears that Plaintiff no longer wishes to pursue this action, the Court adopts the Magistrate Judge's Report (ECF No. 41) and incorporates it herein, and the Court dismisses this action with prejudice in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

October 29, 2021
Charleston, South Carolina